THE CHARITON ICE COMPANY, Appellant, v. THE SPRING LAKE ICE COMPANY, Appellee.

**Appeal:** FINDING OF FACTS: REVIEW. The court's finding of facts in 1 a law action will not be disturbed on appeal if it has any substantial support in the evidence.

**Alteration of written contract by parol.** Parol evidence is inad-2 missible to vary the terms of a written contract.

**Contract for putting up ice:** EXPENSES. Pond rentals are included 3 in a contract obligating a party to pay all expenses in harvesting ice.

*Appeal from Lucas District Court.*— HON. FRANK W. EICHELBERGER, Judge.

TUESDAY, FEBRUARY 6, 1906.

THE case is wrongly entitled. It should be " The Spring Lake Ice Co. v. The Chariton Ice Co." It is an action at law to recover the amount of certain expenses incurred by plaintiff, Spring Lake Company, in putting up ice during the winter of 1902 and 1903, which expenses it is claimed defendant, Chariton Ice Company, agreed to pay. Defendant denied the agreement, and pleaded a settlement and an estoppel. The case was tried to the court, resulting in a judgment for plaintiff. Defendant appeals.— *Affirmed.*

*Will S. Barger,* for appellant.

*Stuart & Stuart* and *J. A. Pelnick,* for appellee.

DEEMER, J.— It appears that prior to the time of the making of the contract, to which we shall presently refer,

each of these comapnies was engaged in putting up and selling ice in the city of Chariton and vicinity.  On January 22, 1903, the parties entered into a written contract whereby the Chariton Company was to take charge of all the ice harvested by either company, to manage, control, and sell the same, and that, after paying all expenses, defendant was to pay one-fourth of the net profits to the plaintiff.  The exact provision of the contract as to expenses in putting up ice is as follows: " It is further agreed by and between the said companies hereto that after all expenses, including these for harvesting said crop as certified by both companies, have been deducted from the gross receipts arising from the sale of said ice crop, then three-fourths of the remaining proceeds shall be paid over to the Chariton Ice Company and the other remaining one-fourth shall be paid over to the Spring Lake Ice Company."  It appears that plaintiff, prior to the making of the contract, had agreed to pay $150 to one W. B. Penick, for the privilege of cutting ice, which was called a pond rental, and that this sum should be paid at the end of the ice business in the fall or summer of the year 1903.  It also appears that defendant had also been obligated to pay pond rentals, and that in its statements to plaintiff it deducted the same from gross receipts.  Plaintiff claims that it is obligated to pay its pond rentals of $150, and that defendant has refused to reimburse it therefor, although demand has been made upon it to do so.

Defendant claims, that, in making the contract, neither party took into account or considered the pond rentals claimed by plaintiff; that the contract not only does not cover, but excludes, those claimed by it; and that the evidence shows beyond all controversy that plaintiff's pond rentals were to be excluded.  It also claims a settlement and payment of the pond rentals.  The case is at law, and if there be any substantial evidence in support of the court's finding of facts we must approve the same.  The contract on its face seems to cover all expenses for harvesting the ice as certified, etc.;

and that the parties understood it covered defendant's pond rentals there can be no question.  Evidence to show that it did not include all expenses of harvesting the crop would be inadmissible, in that it tended to vary and contradict the terms of this written contract.  *Bell v. Mendenhall,* 78 Minn. 57 (80 N. W. 843).

But we still have to consider whether plaintiff was obligated to pay any pond rentals, and whether or not they were part of the expenses of harvesting the crop.  That pond rentals, if exacted, were part of the cost of putting up plaintiff's ice, is so clear as not to need argument.  But it is argued that plaintiff was under no obligation to pay the same, in that it had virtually used its own pond and was under no obligation to any one therefor.  This was a question of fact for the trial court under a conflict of testimony, and with its conclusion we shall not interfere.  The trial court found with plaintiff on this proposition, and its conclusion must be accepted as a verity.

As to the issue of payment, the same conclusion must be reached; for here, again, the evidence is conflicting.  The case is largely one of fact, and the finding of the trial court on such issue must be controlling.

The judgment must be, and it is, *affirmed.*